*698 OPINION OF THE COURT
Stephen R. Sirkin, J.
On September 1, 1993, petitioner sustained injuries as a result of a motor vehicle accident. The insurance carrier for the tortfeasor has offered its $25,000 policy limit. The respondent, the State Farm Automobile Insurance Company (State Farm), issued a policy to petitioner which was in effect on September 1, 1993. The petitioner’s policy had supplementary uninsured motorist (SUM) coverage. One of the conditions of the policy was to require the petitioner to obtain permission prior to settling with a tortfeasor.
The tortfeasor’s insurance carrier has advised petitioner’s counsel that it will accept only a general release without limitation in settling its claim with petitioner. Petitioner’s counsel sought permission from State Farm to settle with the tortfeasor and permission was denied. Petitioner then commenced this special proceeding pursuant to CPLR 7503 (a) to compel arbitration with respect to the petitioner’s claim for supplementary uninsured motorist coverage under the terms of her automobile policy.
State Farm’s position is that arbitration should be stayed because it has not had sufficient opportunity to explore whether or not the tortfeasor possesses collectible assets. State Farm states that it fully intends to exercise its subrogation rights against the tortfeasor in the event payments are made under the SUM coverage policy. The respondent argues that depositions of the tortfeasor regarding possible assets are routinely made a condition precedent to settlement and that petitioner did not make a good-faith attempt to secure such a deposition for respondent’s benefit. At the initial return date of this matter, this proceeding was adjourned in order to provide State Farm an opportunity to depose the tortfeasor. On the adjourned date, the deposition had not yet taken place, but counsel for State Farm anticipated its completion in the near future.
The problem that the petitioner faces in the instant matter has been described by other courts as the typical "catch 22” of underinsured motorist coverage. The bottom line is that unless State Farm either consents to the settlement or accepts an assignment of her claim, the petitioner may collect nothing from the tortfeasor or her insurer for several years, while incurring the expense of an unnecessary lawsuit in the interim.
*699 The petitioner has asked this court to adopt a procedure that would resolve this "catch 22”. The suggested procedure would direct State Farm to evaluate petitioner’s damages and decide whether to consent to the settlement offer, waive its subrogation rights and proceed to arbitration; or withhold consent, pay petitioner the amount of the settlement offer in exchange for an assignment of the action, and then proceed to arbitration. This court notes that the Insurance Department’s regulation 35-D (11 NYCRR subpart 60-2) resolves the "catch 22” in this manner.
Based on the foregoing, the respondent is directed to either consent to the settlement of petitioner’s claim against the tortfeasor and waive subrogation rights or accept an assignment of said claim, within 90 days after service of a copy of the order upon it. This period of time should give the respondent an adequate length of time to depose the tortfeasor, evaluate petitioner’s injuries and, subsequently, evaluate its subrogation claim.